## THE STATE ex inf. HADLEY, Attorney-General, v. MUNN.

### In Banc, February 22, 1907.

TOWNSHIP ORGANIZATION: Unconstitutional Statute: Township Collector: Ouster.   There was no valid statute in force in 1880 providing for township organization in this State.   Sec. 7432, R. S. 1879, and sec. 8427, R. S. 1889, under which the voters of Nodaway county adopted township organization, are in conflict with sec. 8, art. 9, Constitution, in that they provide for the adoption of township organization by the vote of a majority of those voting on the proposition, whereas the Constitution required a majority of the legal voters of the county voting at a general election.   Therefore, a township collector, elected in 1905, claiming to hold in pursuance of an election held in 1880 at which more than two-thirds of the voters voted to adopt township organization, should, in a *quo warranto,* be ousted.

Quo warranto.

WRIT OF OUSTER ORDERED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General for informant; *A. F. Harvey* of counsel.

Section 7432, Revised Statutes 1879, being unconstitutional and in conflict with section 8 of article 9 of the Constitution, Nodaway county did not and could not legally adopt township organization on the 2nd day of November, 1880.   State ex rel. Burns v. Gibson, 195 Mo. 251.   The election in Nodaway county was held on the same day as the election in Linn county, and all the proceedings were had under the same unconstitutional statute.

*T. A. Cummins* and *Shinabarger & Blagg* for respondent.

GANTT, J.—This is an original proceeding in this court in the nature of *quo warranto* on the information

of the Attorney-General against David Munn, to require the latter to show why he should not be ousted from the office of township collector of Polk township, in Nodaway county. The information charges that the respondent Munn unlawfully and willfully usurped, intruded into and exercised the functions of township collector in Polk township, in Nodaway county, on the pretext and claim that township organization had been legally adopted in said county, whereas in truth and in fact township organization had not and never has been legally adopted in said county, and that since the 5th day of April, 1905, the respondent has been exercising the duties, functions and prerogatives of a township collector in counties in this State that have legally adopted township organization under the laws of this State, and has been unlawfully collecting and receiving the fees, emoluments and profits to the great injury and detriment of the State of Missouri.

The respondent waived the issuance and service of the writ and filed his return, in which he alleges that at the general election in 1880 the proposition as to whether township organization should be adopted for the government of Nodaway county was duly submitted to the qualified voters of said county, upon a petition of more than one hundred legal voters thereof, and that at said election a majority of all the votes cast at said election were cast in favor of township organization, and that ever since the last Tuesday in March, 1881, the said county had been acting under township organization, and that at the township election held in the said township of Polk on the last Tuesday in March, 1905, the respondent was duly elected township collector of said township, and ever since that date has been discharging the duties of said office; wherefore, respondent prayed to be discharged with his costs. The respondent filed with his return an abstract of the votes cast at the general election in 1880, on the adoption of township organization in Nodaway county, from which

it appears that 3,122 votes were cast for and 1,507 votes were cast against said proposition, or showing a majority of 1,615 in favor of the proposition.

Upon the return of the respondent the Attorney-General moved the court for judgment of ouster, notwithstanding the return.

From the foregoing statement it is apparent that the facts in this case are on all-fours with those in State ex rel. Burns v. Gibson, 195 Mo. 251. In that case it was ruled that section 7432, Revised Statutes 1879, or section 8427, Revised Statutes 1889, under which the voters of Linn county adopted township organization, was in conflict with section 8 of article 9 of the Constitution of Missouri, in that the statutes of 1879 provided for the adoption of township organization by the vote of a majority of those voting at the election on the question of the adoption of township organization, whereas the Constitution required a majority of the legal voters of the county voting at any general election.

As the facts of the two cases are identical, it must be ruled that township organization was not lawfully adopted by the voters of Nodaway county at the general election in 1880, and therefore the respondent is not entitled to the office of township collector of Polk township in said county, and a writ of ouster is directed to issue removing him from the exercise of the duties of such office.

*Burgess, Valliant, Fox, Lamm, Graves* and *Woodson, JJ.,* concur.